IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |
|---|---|
| MICHELLE BUTLER, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-05-654 |
| FIRST TRANSIT, INC. et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Memorandum Opinion

Michelle Butler has sued First Transit, Inc. ("Transit") and Gathel Ware for negligence. Pending is Defendants' motion for summary judgment. For the following reasons, the motion will be denied.

I. Background

On May 26, 2002, Butler was injured when the "Ride-On" bus she was riding on came to an abrupt stop. At the time of the accident, the bus was owned by Transit and operated by Ware. Butler contends that Ware's negligence in operating the bus and Transit's negligence in maintaining the bus, caused her injuries.

Transit has moved for summary judgment arguing that Butler has failed to provide evidence of negligence.

1

II.  Analysis

Under Rule 56(c), summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id* at 249.  Thus, "the judge must ask . . . whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."  *Id.* at 252.

The court must view the facts and reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, the opposing party must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is insufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.

In order to prove negligence, Butler must show that Defendants owed her a duty of care, breached that duty, and that

2

this breach proximately caused her injuries.  *Cramer v. Housing Opportunities Com'n of Montgomery County,* 304 Md. 705 (Md. 1985). Defendants argue that Butler cannot prove a breach of duty as she has failed to provide evidence of a mechanical defect in the bus or knowledge by the Defendants of any defect.

Ware has testified, however, that the bus's brake unexpectedly "engaged itself" when he stopped to pick up Butler. Ware Dep., p. 34.  Ware testified that the occurrence was unusual, was a safety concern, and that he requested a replacement bus before proceeding.  *Id* at p. 34-36.  According to Ware, his dispatcher told him to proceed to the next bus stop where a "switch-out" (replacement) bus would be provided.  *Id* at p. 36.  Ware testified that although he was able to get the bus moving, he proceeded slowly, with his emergency "flashers" on, and that he was "scared to go at any speed."  *Id* at p. 39.  The bus "seized up", and Butler was injured, before he reached the next stop.  *Id* at p. 35.

As the operator of the bus has testified that he was aware of a potential malfunction, was concerned about the safety of the bus, notified Transit of his concerns, and was ordered to continue driving until a replacement bus could be provided, there clearly remains a genuine issue as to whether Defendants breached

the duty of care owed to Butler.  Accordingly, Defendants' motion for summary judgment will be denied.


<u>April 5, 2006</u>                             <u>        /s/                </u>
Date                                  William D. Quarles, Jr.
                                      United States District Judge