IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| MICHELLE BUTLER, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL NO.: WDQ-05-654 |
| | * | |
| FIRST TRANSIT, INC. et al., | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## Memorandum Opinion

Michelle Butler has sued First Transit, Inc. ("Transit") and Gathel Ware for negligence. Pending are Butler's motions to designate Anthony Cornetto and Dr. John Bruno, M.D., as expert witnesses and to amend her complaint. Also pending are First Transit's motions to preclude the expert testimony of Dr. Richard Meyer, M.D. and to strike Butler's second errata sheet. For the following reasons Butler's motion to designate Anthony Cornetto and Dr. John Bruno as expert witnesses and to amend her complaint will be granted. Transit's motion to preclude the testimony of Dr. Richard Meyer will be denied; its motion to strike Butler's second errata sheet will be granted. In order to allow for the depositions of Mr. Cornetto, Dr. Bruno and Dr. Meyer, discovery will be reopened for 30 days.

1

I.  Background

On May 26, 2002, Butler was injured when the bus she was riding on came to an abrupt stop.  Compl., ¶¶ 4-9.  At the time of the accident, the bus was owned by First Transit and operated by Ware.  *Id* at ¶¶ 3,5.  Butler contends that Ware's negligence in operating the bus and Transit's negligence in maintaining it, caused her injuries.


II.  Motion to Designate Anthony Cornetto as an Expert Witness

The deadline for identifying expert witnesses was July 25, 2005.  Butler moved to designate Anthony Cornetto, a mechanical engineer, as an expert witness on March 23, 2006.  Discovery closed March 30, 2006.  No trial date has been set.

In determining whether to exclude witnesses not disclosed in compliance with the scheduling order, the Court must consider four factors: 1) the reason for failing to name the witness, 2) the importance of the testimony, 3) potential prejudice; and 4) the availability of a continuance to prevent prejudice.  *Potomac Elec. Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372 (D.Md. 1999).

Despite her failure to abide by the Scheduling Order, Butler argues that she should be permitted to designate Cornetto as an expert because: 1) Transit delayed in providing critical information; 2) Cornetto's testimony is critical to her claim; 3)

Transit will not be prejudiced; and 4) there is enough time before trial to prevent prejudice.

Transit has opposed the motion, arguing that: 1) Butler has failed to explain the delay; 2) Cornetto's testimony is important because Butler has changed her theory of the case; 3) Transit will be prejudiced if discovery is reopened; and 4) further discovery may jeopardize mediation.


A.  Reason for the Delay

Butler argues that her failure to designate Cornetto as an expert within the time required by the Scheduling Order was the result of Transit's delay in providing maintenance records and its expert's report on the cause of the accident.[1]  This proffered explanation, however, is not compelling.

As Butler alleged negligence in her Complaint, she knew she would have to prove causation (and, therefore, would likely need an expert to testify as to the cause of the accident).  Butler was further aware that Transit had designated Anthony Bocchichio and Robert Miller as engineering experts who would testify as to the cause of the accident.  Finally, Butler received Miller's report on February 17, 2006, but delayed until March 23, 2006, a week before the close of discovery, to designate her own expert.

---

[1] According to Butler, defendant's expert report was received February 17, 2006; maintenance records of the bus involved in the accident were produced March 8, 2006.

3

As Butler was aware that causation would be a contentious issue at trial and given her failure to adequately explain her delay, this factor does not support Butler's motion.

B.  The Importance of Cornetto's Testimony

Cornetto can be expected to testify as to the cause of the accident and to contest the conclusions reached by Transit's experts.  As both parties agree that causation will be key issue at trial, Cornetto's testimony will be of critical importance to Butler's claim.  Accordingly, this factor favors granting Butler's motion.

C.  Prejudice

Transit contends that it will be prejudiced if the Court permits Butler to designate Cornetto as an expert witness and discovery is reopened.  However, a trial date has not been set and although Transit may be forced to expend additional time and effort on further discovery, this alone is not a sufficient reason for barring Butler's expert.  *Potomac Electric,* 190 F.R.D. 372, 377-378; *Tucker v. Ohtsu Tire and Rubber Co.,* 49 F.Supp.2d 456, 463 (D.Md. 1999).

D.  Availability of a Continuance

As noted above, a trial date has not been set.  Therefore,

4

additional time is available to Transit to conduct additional discovery.  Accordingly, this factor favors granting Butler's motion.

E.  Conclusion

As the balance of factors favor allowing Butler to designate Cornetto as an expert, her motion will be granted.

III.  Motion to Designate Dr. John Bruno as an Expert Witness

On April 11, 2006, Butler moved to designate Dr. John Bruno as an expert witness.  As noted above, the Scheduling Order called for the identification of expert witnesses by July 25, 2005, and discovery closed on March 30, 2006.

Butler argues that she should be allowed to designate Dr. Bruno as an expert witness, despite the delay, because: 1) Butler's medical records were only recently made available; 2) Dr. Bruno is the only doctor who will opine that Butler needs knee replacement surgery; 3) reopening discovery will not prejudice Transit; and 4) there is sufficient time to take Dr. Bruno's deposition.

As noted above, *Potomac Electric* controls the Court's analysis.  *Potomac Electric,* 190 F.R.D. 372.

A.  Reason for the Delay

     On March 20, 2006, Dr. Bruno examined Butler and concluded
that she has significant and worsening impairment of her left
knee and "knee replacement is....a distinct possibility for the
future."  Butler Report, March 20, 2006, p. 3.  Although Butler
first saw Dr. Bruno in December, 2003, she contends that she
delayed in designating him as an expert witness because her
medical records were unavailable, treatment was ongoing and
travel to this area would have been difficult.

     Butler's explanation, however, is insufficient.  That Butler
was reluctant to travel to this area and, for unexplained
reasons, she could not produce her own medical records does not
justify her failure to abide by the Scheduling Order.  That her
treatment was ongoing might explain her need to supplement her
expert's report at a later date but does not explain why she
could not identify him in accordance with the Scheduling Order.
Accordingly, this factor supports a denial of Butler's motion.


B.  The Importance of Dr. Bruno's Testimony

     Although Butler has already designated Dr. David Martin,
M.D. and Dr. Richard Meyer, M.D. as expert medical witnesses who
will testify as to Butler's injuries, Dr. Bruno is the only
doctor who will opine that Butler may need knee replacement
surgery.  Therefore, his testimony will be of great importance in

6

showing the extent of Butler's damages.

C.  Prejudice

If Butler's motion to designate Dr. Bruno is granted, Transit will have to bear additional discovery costs.  A trial date has not been set, however, and although Transit may be forced to expend additional time and effort on further discovery, this alone is not a sufficient reason for barring Butler's expert.  *Potomac Electric,* 190 F.R.D. 372, 377-378; *Tucker v. Ohtsu Tire and Rubber Co.,* 49 F.Supp.2d 456, 463 (D.Md. 1999).

D.  Availability of a Continuance

As noted above, a trial has not been set.  Therefore, additional time is available to Transit to conduct additional discovery.  Accordingly, this factor favors granting Butler's motion.

E.  Conclusion

Although Butler's has not offered a compelling reason for her delay, Dr. Bruno's testimony is important to her claim and additional time is available for additional discovery. Accordingly, her motion to designate Dr. Bruno as an expert witness will be granted.

7

IV.  Motion to Preclude the Expert Testimony of Dr. Richard Meyer

     Transit has moved to preclude the testimony of Dr. Meyer or his partners because they have not been produced for depositions. Butler argues that their testimony is essential and, therefore, should not be barred.

     As Butler has identified Dr. Meyer, or his partners, as expert witnesses, they must be produced for depositions.  As discovery will be reopened to allow for the deposition of Anthony Cornetto and Dr. Bruno, there will be an opportunity to depose Dr. Meyer.  Accordingly, Transit's motion to exclude Dr. Meyer's testimony will be denied.


V.  Motion to Strike Butler's Second Errata Sheet

     Butler was deposed on August 12, 2005 and completed her first errata sheet on September 6, 2005.  On March 20, 2006, Butler submitted a second errata sheet.  Transit has moved to strike.

     Under Rule 30(e) "the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them."  Federal Rule of Civil Procedure 30(e).

     Butler certified that she read and examined her deposition

8

transcript on September 6, 2005.  Def.'s Mot. to Strike, Ex. 2.
Therefore, although it is unclear exactly when Butler was
notified that the deposition transcript was first available, it
clearly was available by September 6th.  As Butler did not submit
her second errata sheet until March 20, 2006, it was untimely.
Accordingly, Transit's motion to strike Butler's second errata
sheet will be granted.

VI.  Butler's Motion to Amend her Complaint

     Butler has moved to amend her complaint to increase damages
from $250,000.00 to $600,000.00 per count.  Transit opposes,
arguing prejudice and bad faith.

     Under Rule 15(a) "a party may amend the party's pleadings
only by leave of the court or by written consent of the adverse
party; and leave shall be freely given when justice so requires."
Motions for leave to file an amended complaint are to be
liberally granted in the absence of undue delay, bad faith,
dilatory motive, repeated failure to cure deficiencies by
amendments previously allowed, undue prejudice to the opposing
party, or futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962);
*see also Harless v. CSX Hotels,* 389 F.3d 444 (4th Cir. 2004); *Ward
Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497
(4th Cir. 1987); *Openshaw v. Cohen, Klingenstein & Marks*, 320
F.Supp.2d 357 (D.Md. 2004).

Butler contends that her condition has deteriorated since she filed her complaint in March 2005, and her past and future medical costs have increased.  Given the expected testimony of Dr. Bruno, Butler's proposed amendment is not futile.  Nor is there any evidence of bad faith.  Although Transit will be forced to expend additional time and money to investigate Butler's claims, a trial date has not been set and the added cost does not justify denying the motion.  Accordingly, Butler's motion to amend her Complaint will be granted.

VII.  Conclusion

For the reasons stated above, Butler's motion to designate Anthony Cornetto and Dr. John Bruno as expert witnesses and to amend her complaint will be granted.  Transit's motion to preclude the testimony of Dr. Richard Meyer will be denied; its motion to strike Butler's second errata sheet will be granted. In order to allow for the depositions of Mr. Cornetto, Dr. Bruno, and Dr. Meyer, discovery will be reopened for 30 days.


7/6/06                          _____/S/_____
Date                            William D. Quarles, Jr.
                                United States District Judge

10